# EXHIBIT 1

IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE
LAW DIVISION

| | |
|---|---|
| MYRTLE H. JAMES )<br>)<br>Plaintiff )<br>)<br>)<br>v. )<br>)<br>)<br>HARTFORD LIFE AND ACCIDENT )<br>INSURANCE COMPANY )<br>and )<br>THE HARTFORD )<br>INSURANCE GROUP )<br>)<br>Defendants. ) | Cause No. L-17141<br>JURY DEMAND<br><br>FILED<br>2:45pm wk<br>AUG 2 5 2010<br>TOM HATCHER<br>CIRCUIT COURT CLERK |

## COMPLAINT

COMES now the Plaintiff, Myrtle H. James and for cause of action would show the following:

1. The Plaintiff currently is and been a citizen and resident of Blount County, Tennessee at all times material herein.

2. That the Defendant, Hartford Life and Accident Insurance Company does business in the state of Tennessee and is a corporation maintaining a policy of disability insurance for Blount Memorial Hospital and the Plaintiff at all material times herein. Service of process is requested upon Hartford Life and Accident Insurance Company through the Commissioner of Insurance at **500 James Robertson Parkway, Nashville, TN 37243-1131**.

3. That the Defendant, The Hartford Insurance Group, does business in the state of Tennessee and is a corporation maintaining a policy of disability insurance for Blount Memorial Hospital and the Plaintiff at all material times herein. Service of process is requested upon the

1

Hartford Insurance Group through the Commissioner of Insurance at **500 James Robertson Parkway, Nashville, TN 37243-1131.**

4. Plaintiff brings this action against Hartford Life and Accident Insurance Company ("Hartford") and The Hartford Insurance Group for the unlawful denial of Mrs. James' long term disability benefits. The Plaintiff files this action to recover benefits due under a policy of insurance and to enforce the present rights existing therein and to declare her rights under the terms of the policy.

5. The Plan under which the Plaintiff brings this action is a group disability plan maintained by Blount Memorial Hospital ("BMH") and fully insured by a contract of short and long term disability insurance issued by Hartford. As a full time employee, Mrs. James became an insured under the plan. This contract of insurance is attached hereto as *Exhibit "A"*.

6. On January 10, 2006, Mrs. James ceased working as a Record Medical Technician for Blount Memorial Hospital due to symptoms caused by multiple sclerosis. Mrs. James subsequently applied to Hartford for long term disability benefits. This application was approved and she began to receive a monthly benefit payment.

7. On July 1, 2006, Mrs. James was approved for Social Security Disability benefits and her long term disability benefit was subsequently offset by an amount equal to her social security payments.

8. Sometime during 2008, Hartford initiated a "pro-active" review of the Plaintiff's benefits determination. Hartford hired a private investigator to follow her and film her on two separate days. Hartford also sent a company representative, Barry Berger, to Plaintiff's home on March 30, 2009 to interview her. This representative, Barry Berger, stayed for over three hours asking Mrs. James questions regarding her illness, activities of daily living and her limitations.

Hartford, even though they had numerous reports from her treating physicians stating that she could not maintain gainful employment, called her physicians to further question their opinions and hired reviewing physicians to do the same.

9. On August 26, 2010, Hartford notified the Plaintiff that they had made the decision to terminate her benefits. The Plaintiff subsequently appealed this decision within Hartford internally in accordance with Hartford's appeal process and supplied Hartford with all requested and necessary documents. Hartford notified the Plaintiff on January 7, 2010 that her appeal would be denied and that the original decision to terminate benefits would be upheld.

10. The primary ground used for terminating the Plaintiff's benefits was that Plaintiff no longer met the definition of disability as stated in the policy due to the fact that, according to Hartford, Plaintiff is able to perform full time work.

11. Plaintiff avers that Hartford's decision to terminate benefits was arbitrary and capricious for the following reasons:

   a. The Defendant failed to take into account Dr. Radoff's (one of her treating physicians) most recent opinion dated September 16, 2009 that she was unable to work.

   b. The Defendant failed to take into consideration the fact that Plaintiff was awarded Social Security benefits.

   c. The Defendant failed to take into account all the documents submitted by Plaintiff when she appealed the decision to terminate her benefits.

   d. The Defendant selectively and improperly relied on limited portions of the Plaintiff's interview and video footage of her activity during two separate days.

3

e. The Defendant failed to take into account all the medical records of her treating physicians.

f. The Defendant evaluated the medical and vocational evidence in a biased manner.

12. Plaintiff avers that Hartford's "pro-active" review of her benefit determination, the methods and customs used to carry out this review and the subsequent termination of her disability benefits based thereon amounts to bad faith pursuant to T.C.A. §56-7-105.

13. That Hartford breached its contract with Plaintiff and Blount Memorial Hospital by terminating Plaintiff's disability benefits without just cause.

14. That Hartford's decision to terminate Plaintiff's disability benefits was arbitrary and capricious.

15. The Plaintiff avers and brings this action pursuant to the Tennessee Consumer Protection Act, T.C.A. §47-18-109(a) and (b). That Hartford, by engaging in post claim customs and behaviors in an effort to pro-actively search for information with the intent to deny Plaintiff's disability benefits is deceptive and unfair and in violation of the Tennessee Consumer Protection Act, T.C.A. §47-18-104(27). Plaintiff requests that this Court award treble damages and attorney fees in accordance with T.C.A. §47-18-101.

WHEREFORE, the Plaintiff prays as follows:

1. That proper process issue requiring the Defendant to appear and give answer to this Complaint.

2. That a jury be impaneled to try the issues set forth herein.

3. That Plaintiff be granted declaratory relief that she is entitled to disability benefits, past and present, plus interest.

4. That the Plaintiff have and recover compensatory damages from the Defendant in an amount to be determined by the jury, but not less than $250,000.00.

5. That the Defendant be charged with punitive damages.

6. That the Defendant be taxed with treble damages pursuant to T.C.A. §47-18-101 and the statutory penalty for bad faith pursuant to T.C.A. §56-7-105 as well as reasonable attorney's fees and costs.

7. That the Plaintiff have all such other, further and general relief to which she may be entitled, including recovery of her costs.

_____
Angela N. Snyder
Attorney for Plaintiff
BPR #025189
Costner & Greene
315 High Street
Maryville, Tennessee 37804
865-983-7642 (phone)
865-981-1260 (fax)

## COST BOND

We hereby acknowledge ourselves sureties for costs in this cause not to exceed Five Hundred ($500.00).

By: _____
Angela N. Snyder
Attorney for Plaintiff

5